IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

THOMAS DARRELL ADKINS,

      Plaintiff,

v.                                   CIVIL ACTION NO. 2:12-3783
                                        (Judge Goodwin)

E. R. ROBINETT, A. ROBINETT,
JOHN DOE I, and JOHN DOE II,
individually as members of the
West Virginia State Police,

      Defendants.

**E.R. ROBINETT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW E.R. Robinett, by counsel, and responds to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

In response to the enumerated paragraphs of Plaintiff's Complaint, E.R. Robinett responds as follows:

1.     The allegations contained in the paragraph numbered 1 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

2.     The first sentence of the paragraph numbered 2 of Plaintiff's Complaint calls for a legal conclusion to which this Defendant is not required to respond.  To the extent Plaintiff alleges this Defendant violated his civil rights, those allegations are denied.

3.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 3 of Plaintiff's Complaint.

4.      In response to the paragraph numbered 4 of Plaintiff's Complaint, this Defendant admits that E.R. Robinett is and was a member of the West Virginia State Police at the time relevant to the instant lawsuit.  The remaining allegations set forth in the paragraph numbered 4 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

5.      In response to the paragraph numbered 5 of Plaintiff's Complaint, this Defendant states that to the best of his knowledge, A. Robinett was never a member of the West Virginia State Police.  The remaining allegations set forth in the paragraph numbered 6 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

6.      This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 6 of Plaintiff's Complaint as Plaintiff has not identified John Doe I. Additionally, the last two sentences of the paragraph numbered 6 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

7.      This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 7 of Plaintiff's Complaint as Plaintiff has not identified John Doe II. Additionally, the last two sentences of the paragraph numbered 7 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

8.      Upon information and belief, this Defendant admits the allegations set forth in the paragraph numbered 8.

9.     This Defendant can neither admit nor deny the allegations set forth in the paragraph numbered 9 of Plaintiff's Complaint.

10.     The allegations set forth in the paragraph numbered 10 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

11.     In response to the allegations set forth in the paragraph numbered 11 of Plaintiff's Complaint, this Defendant asserts that he utilized a reasonable amount of force and did not see any other officer utilizing an unreasonable amount of force.

12.     This Defendant denies the allegations set forth in the paragraph numbered 12 of Plaintiff's Complaint.

13.     In response to the paragraph numbered 13 of Plaintiff's Complaint, this Defendant admits that he learned during the traffic stop that Plaintiff had an outstanding warrant and that Plaintiff had violated traffic laws prior to being stopped.  This Defendant does not believe that he knew the underlying crime for which the warrant was issued.  Furthermore, this Defendant does not recall whether he took possession of Plaintiff's identification, registration and insurance card and therefore can neither admit nor deny it.

14.     In response to the paragraph numbered 14 of the Complaint, this Defendant admits that Plaintiff consented being searched and that the search revealed that the Plaintiff was in possession of methamphetamine.  This Defendant further admits that Plaintiff was placed under arrest after the search.  This Defendant denies that he threatened Plaintiff as set forth in the paragraph numbered 14.

15.     In response to the paragraph numbered 15 of Plaintiff's Complaint, this Defendant denies that Plaintiff had any prior experience with this Defendant that would have caused Plaintiff to fear this Defendant.  This Defendant further denies that he has a reputation for

violence.  Notwithstanding, this Defendant admits that Plaintiff wriggled his body through the handcuffs and otherwise plotted his flight while en route from the arrest scene to the detachment.

16.     In response to the paragraph numbered 16 of Plaintiff's Complaint, this Defendant admits that Plaintiff fled on foot.  This Defendant can neither admit nor deny that John Doe I joined the pursuit as Plaintiff has not identified John Doe I.

17.     This Defendant denies the allegations set forth in the paragraph numbered 17 of Plaintiff's Complaint.

18.     This Defendant denies the allegations set forth in the paragraph numbered 18 of Plaintiff's Complaint.

19.     This Defendant denies the allegations set forth in the paragraph numbered 19 of Plaintiff's Complaint.

20.     This Defendant denies the allegations set forth in the paragraph numbered 20 of Plaintiff's Complaint.

21.     This Defendant denies the allegations set forth in the paragraph numbered 21 of Plaintiff's Complaint.

22.     This Defendant denies the allegations set forth in the paragraph numbered 22 of Plaintiff's Complaint.

23.     This Defendant denies the allegations set forth in the paragraph numbered 23 of Plaintiff's Complaint.

24.     This Defendant denies the allegations set forth in the paragraph numbered 24 of Plaintiff's Complaint.

25.     This Defendant denies the allegations set forth in the paragraph numbered 25 of Plaintiff's Complaint.

26.     This Defendant denies the allegations set forth in the paragraph numbered 26 of Plaintiff's Complaint.

27.     This Defendant denies the allegations set forth in the paragraph numbered 27 of Plaintiff's Complaint.

28.     This Defendant denies the allegations set forth in the paragraph numbered 28 of Plaintiff's Complaint.

29.     This Defendant denies the allegations set forth in the paragraph numbered 29 of Plaintiff's Complaint.

30.     This Defendant denies the allegations set forth in the paragraph numbered 30 of Plaintiff's Complaint.

31.     This Defendant denies the allegations set forth in the paragraph numbered 31 of Plaintiff's Complaint.

32.     This Defendant denies the allegations set forth in the paragraph numbered 32 of Plaintiff's Complaint.

33.     This Defendant denies the allegations set forth in the paragraph numbered 33 of Plaintiff's Complaint.

34.     This Defendant denies the allegations set forth in the paragraph numbered 34 of Plaintiff's Complaint.

35.     This Defendant denies the allegations set forth in the paragraph numbered 35 of Plaintiff's Complaint.

36.     This Defendant denies the allegations set forth in the paragraph numbered 36 of Plaintiff's Complaint.

37.     This Defendant denies the allegations set forth in the paragraph numbered 37 of Plaintiff's Complaint.

38.     This Defendant denies the allegations set forth in the paragraph numbered 38 of Plaintiff's Complaint.

39.     This Defendant denies the allegations set forth in the paragraph numbered 39 of Plaintiff's Complaint.

40.     This Defendant denies the allegations set forth in the paragraph numbered 40 of Plaintiff's Complaint.

41.     This Defendant denies the allegations set forth in the paragraph numbered 41 of Plaintiff's Complaint.

42.     This Defendant denies the allegations set forth in the paragraph numbered 42 of Plaintiff's Complaint.

43.     This Defendant denies the allegations set forth in the paragraph numbered 43 of Plaintiff's Complaint.

44.     This Defendant denies the allegations set forth in the paragraph numbered 44 of Plaintiff's Complaint.

45.     This Defendant denies the allegations set forth in the paragraph numbered 45 of Plaintiff's Complaint.

46.     This Defendant denies the allegations set forth in the paragraph numbered 46 of Plaintiff's Complaint.

47.     This Defendant denies the allegations set forth in the paragraph numbered 47 of Plaintiff's Complaint.

48.     This Defendant denies the allegations set forth in the paragraph numbered 48 of Plaintiff's Complaint.

49.     This Defendant denies the allegations set forth in the paragraph numbered 49 of Plaintiff's Complaint.

50.     This Defendant denies the allegations set forth in the paragraph numbered 50 of Plaintiff's Complaint.

51.     This Defendant denies the allegations set forth in the paragraph numbered 51 of Plaintiff's Complaint.

52.     This Defendant denies the allegations set forth in the paragraph numbered 52 of Plaintiff's Complaint.

53.     This Defendant denies the allegations set forth in the paragraph numbered 53 of Plaintiff's Complaint.

54.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 54 of Plaintiff's Complaint.

55.     This Defendant denies the allegations set forth in the paragraph numbered 55 of Plaintiff's Complaint.

56.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 56 of Plaintiff's Complaint.

57.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 57 of Plaintiff's Complaint.

58.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 58 of Plaintiff's Complaint.

59.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 59 of Plaintiff's Complaint.

60.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 60 of Plaintiff's Complaint.

61.     This Defendant denies the allegations set forth in the paragraph numbered 61 of Plaintiff's Complaint.

62.     In response to the paragraph numbered 62 of Plaintiff's Complaint, upon information and belief, this Defendant believes that Plaintiff accurately set forth the crimes for which Plaintiff was charged.  However, this Defendant does not believe that Plaintiff accurately set forth the Plea Agreement.

63.     In response to the allegations of paragraph 63 of Plaintiff's Complaint, this Defendant reasserts and incorporates herein by reference paragraphs 1 through 62 as set forth above.

64.     This Defendant denies the allegations set forth in the paragraph numbered 64 of Plaintiff's Complaint.

65.     This Defendant denies the allegations set forth in the paragraph numbered 65 of Plaintiff's Complaint.

66.     This Defendant denies the allegations set forth in the paragraph numbered 66 of Plaintiff's Complaint.

67.     This Defendant denies the allegations set forth in the paragraph numbered 67 of Plaintiff's Complaint.

68.     This Defendant denies the allegations set forth in the paragraph numbered 68 of Plaintiff's Complaint.

69.     This Defendant denies the allegations set forth in the paragraph numbered 69 of Plaintiff's Complaint, including all subparts.

70.     This Defendant denies the allegations set forth in the paragraph numbered 70 of Plaintiff's Complaint.

71.     The paragraph numbered 71 of Plaintiff's Complaint contains no factual allegations.  Notwithstanding, this Defendant asserts that Plaintiff is not entitled to any relief whatsoever.

72.     This Defendant denies the allegations set forth in the paragraph numbered 72 of Plaintiff's Complaint.

73.     In response to the allegations of paragraph 73 of Plaintiff's Complaint, this Defendant reasserts and incorporates herein by reference paragraphs 1 through 72 as set forth above.

74.     The allegations contained in the paragraph numbered 74 of Plaintiff's Complaint call for a legal conclusion to which this Defendant is not required to respond.

75.     This Defendant denies the allegations set forth in the paragraph numbered 75 of Plaintiff's Complaint.

76.     This Defendant denies the allegations set forth in the paragraph numbered 76 of Plaintiff's Complaint.

77.     This Defendant denies the allegations set forth in the paragraph numbered 77 of Plaintiff's Complaint.

78.     This Defendant denies the allegations set forth in the paragraph numbered 78 of Plaintiff's Complaint.

79.     This Defendant denies the allegations set forth in the paragraph numbered 79 of Plaintiff's Complaint.

80.     This Defendant denies the allegations set forth in the paragraph numbered 80 of Plaintiff's Complaint, including all subparts.

81.     The paragraph numbered 81 contains no factual allegations. Notwithstanding, this Defendant asserts that Plaintiff is not entitled to any relief whatsoever.

82.     This Defendant denies the allegations set forth in the paragraph numbered 82 of Plaintiff's Complaint.

83.     In response to the allegations of paragraph 83 of Plaintiff's Complaint, this Defendant reasserts and incorporates herein by reference paragraphs 1 through 82 as set forth above.

84.     This Defendant denies the allegations set forth in the paragraph numbered 84 of Plaintiff's Complaint.

85.     This Defendant denies the allegations set forth in the paragraph numbered 85 of Plaintiff's Complaint, including all subparts.

86.     This Defendant denies the allegations set forth in the paragraph numbered 86 of Plaintiff's Complaint.

87.     In response to the allegations of paragraph 87 of Plaintiff's Complaint, this Defendant reasserts and incorporates herein by reference paragraphs 1 through 86 as set forth above.

88.     This Defendant denies the allegations set forth in the paragraph numbered 88 of Plaintiff's Complaint.

89.     This Defendant denies the allegations set forth in the paragraph numbered 89 of Plaintiff's Complaint, including all subparts.

90.     This Defendant denies the allegations set forth in the paragraph numbered 90 of Plaintiff's Complaint.

91.     In response to the paragraph Plaintiff has styled "Prayer," this Defendant asserts that Plaintiff is not entitled to any relief whatsoever as this Defendant did not commit a tort.

## JURY DEMAND

This Defendant demands a jury trial on all issues deemed so triable by law

## THIRD DEFENSE

This Defendant was privileged and within the scope of his lawful authority in all actions undertaken.

## FOURTH DEFENSE

The conduct of Plaintiff was the competent producing cause of his alleged injuries.

## FIFTH DEFENSE

This Defendant is entitled to immunity from any award of damages because this Defendant did not cause the deprivation of any clearly established constitutional right or

privilege of the Plaintiff.

## SIXTH DEFENSE

This Defendant raises the affirmative defense of privilege, immunity and contributory and/or comparative fault.

## SEVENTH DEFENSE

This Defendant acted reasonably and in good faith under the circumstances and is therefore immune from liability.

## EIGHTH DEFENSE

This Defendant was not deliberately indifferent towards Plaintiff and therefore he is immune from Plaintiff's claim.

## NINTH DEFENSE

This Defendant did not use excessive force.

## TENTH DEFENSE

Plaintiff's claim for punitive damages violates the laws of the United States of America and of West Virginia.

## ELEVENTH DEFENSE

The actions of another person or persons was [were] the competent producing cause of Plaintiff's injuries, or damages, if any.

## TWELFTH DEFENSE

Portions of Plaintiff's Complaint may be barred by the statute of limitations.

## THIRTEENTH DEFENSE

This Defendant reserves the right to argue that Plaintiff failed to mitigate his damages.

## FOURTEENTH DEFENSE

Plaintiff's injuries or damages, if any, were caused by Plaintiff or someone other than this Defendant.

## FIFTEENTH DEFENSE

This Defendant reserves the right to raise any and all further defenses which may arise during the course of this litigation.

WHEREFORE, this Defendant respectfully requests that he be dismissed from the action and that he be awarded his costs, including any attorneys fees expended herein.

**E.R. ROBINETT,**

**By Counsel,**


/s/ Michael D. Mullins
Michael D. Mullins, Esq. (W.Va. Bar # 7754)
STEPTOE & JOHNSON PLLC       Chase Tower, 8th Floor
   Of Counsel                            P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com

6081596                               13                               004600/01303

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**THOMAS DARRELL ADKINS,**

       **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 2:12-3783**
                                           **(Judge Goodwin)**

**E. R. ROBINETT, A. ROBINETT,
JOHN DOE I, and JOHN DOE II,
individually as members of the
West Virginia State Police,**

       **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the  14th  day of September, 2012, I filed the foregoing

**"E.R. Robinett's Answer to Plaintiff's Complaint"** with the Clerk of Court by utilizing the

CM/ECF system which will send electronic notification of said filing to the CM/ECF

participants listed below.   All non-CM/ECF participants will be served with the foregoing

Answer by placing a true and exact copy of same in the regular course of the United States Mail,

postage prepaid, in an envelope addressed as follows:

                        Lonnie C. Simmons, Esquire (WVSB #3406)
                        Rudolph L. DiTrapano, Esquire (WVSB #1024)
                        Elizabeth G. Kavitz, Esquire (WVSB #10348)
                        DITRAPANO, BARRETT & DIPIERO, PLLC
                        P.O. Box 1631
                        Charleston, WV  25326-1631
                        *Counsel for Plaintiff*

                                     /s/ Michael D. Mullins
                                     Michael D. Mullins, Esq. (WVSB  # 7754)
STEPTOE & JOHNSON PLLC               Chase Tower, 8th Floor
     Of Counsel                    P. O. Box 1588
                                       Charleston, WV 25326-1588
                                     Telephone (304)-353-8000
                                     Michael.Mullins@steptoe-johnson.com